UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA,   )<br>)<br>Petitioner,   )<br>)<br>vs.   )<br>)<br>ROMEIRO HARRIS,   )<br>)<br>Respondent.   ) | Case No. 3:19-cv-722-GCS |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Petitioner Travelers Indemnity Company of America filed this action seeking a judgment declaring, among other things, that a landlord policy it issued to Respondent Romeiro Harris is void due to alleged concealment, material misrepresentation, and fraud related to a claim following a fire loss. Travelers also seeks to recoup or set off all insurance proceeds previously paid to Harris, or to third parties on behalf of Harris, due to the alleged breach of the policy's conditions. Travelers further seeks declaratory relief clarifying that it has no obligation to make additional payments under the policy and maintains that it is entitled to recovery of all its costs and expenses, including attorneys' fees, related to bringing this action. (Doc. 21). Respondent Romeiro Harris seeks dismissal of this action for lack of subject matter jurisdiction. (Doc. 23).

Travelers invokes this Court's subject matter jurisdiction pursuant to the federal diversity statute. Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the action is between citizens of

different states. *See* 28 U.S.C. § 1332(a). As an initial matter, diversity of citizenship is not at issue and is complete. Travelers is a foreign corporation with its principal place of business in Minnesota, and Harris is a citizen of Illinois. By motion dated October 3, 2019, Harris argues that this case must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000.

Rule 12(b)(1) requires dismissal if the Court lacks jurisdictional authority over the subject matter of the dispute before it. When a party challenges subject matter jurisdiction, the Court first must resolve "whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)(citing *Apex Dig. Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)). If a challenge contends that a plaintiff's complaint lacks sufficient factual allegations to establish subject matter jurisdiction, the challenge is a facial one, and courts "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha*, 807 F.3d at 173. A factual challenge, however, contends that "there is *in fact* no subject matter jurisdiction." *Apex Digital, Inc.*, 572 F.3d at 443 (citing reference omitted)(alteration in original). In reviewing a factual challenge, the Court looks beyond the pleadings and may consider any evidence submitted to determine whether subject matter jurisdiction exists. When it comes to challenges to the amount in controversy, the Court has subject matter jurisdiction "unless it is legally certain that the controversy is worth less than the jurisdictional minimum." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006).

Harris's challenge is closer to a factual challenge, as he argues that the facts underlying the dispute between the parties, rather than the allegations in the complaint, demonstrate that the amount in controversy does not exceed $75,000. He provides an affidavit stating that he does not seek in excess of $75,000 from Travelers to resolve his fire loss claim. Travelers counters that the amount in controversy is at least $173,000, the face value of the landlord policy applicable to fire loss. As stated above, Travelers seeks a declaratory finding that the policy itself is void and that there is no coverage. Further, it seeks to recoup all monies paid under the policy thus far plus, potentially, attorneys' fees related to this litigation. These requests put the entire value of the policy, plus any attorneys' fees, in controversy.  As the Seventh Circuit has made clear, when the validity of an entire insurance policy is at issue, the amount in controversy is the face value of the policy. *See Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 805 (7th Cir. 2003).

Given the allegations in the case and the record before the Court, the undersigned is satisfied that the amount in controversy requirement is met in this action and that the Court has subject matter jurisdiction over the claims of Petitioner Travelers Indemnity Company of America. For all these reasons, Respondent Romeiro Harris's motion to dismiss (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 17, 2020.

Digitally signed by Judge Sison
Date: 2020.04.17 11:26:54 -05'00'

GILBERT C. SISON
United States Magistrate Judge