UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TRAVELERS INDEMNITY | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-00722-GCS |
| | ) | |
| ROIMERO HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Plaintiff Travelers Indemnity Company of America ("Travelers") first brought suit against Defendant Roimero Harris on July 3, 2019. (Doc. 1). Travelers's complaint arises from Harris's insurance claim made under his landlord policy of insurance following losses from two fires. *Id*. On October 3, 2019, Travelers filed an amended complaint, in which Travelers requested that the Court void the insurance policy based on concealment, material misrepresentations, and fraud in Harris's presentment of his claim; recoupment of insurance proceeds paid to Harris; or, alternatively, a declaration that Travelers has no additional obligations to Harris under the insurance policy. (Doc. 21).

Travelers states that it served its first interrogatories and requests for production on Harris on August 27, 2020. (Doc. 57, p.2). Travelers made multiple attempts to contact Harris's counsel, William S. Daniel, regarding the production of Harris's discovery responses. However, Mr. Daniel's only response was a verbal acknowledgement that

discovery would not be produced by October 23, 2020. *Id.* Harris did not request an extension of time to produce discovery and failed to provide Travelers with a date by which Travelers could expect Harris to produce the requested discovery. *Id*

The Court set this matter for a telephonic status conference on October 16, 2020; however, both parties failed to appear. (Doc. 44). The Court ordered both parties to show cause in writing by October 23, 2020 and to explain why they did not attend the conference. *Id.* Both parties complied with the show cause order, *see* (Doc. 45, Doc. 49); however, Harris did not file his response to the show cause order until October 26, 2020. (Doc. 49). In Harris's response, Mr. Daniel stated that he inadvertently missed seeing the docket for this case. *Id.* Mr. Daniel also indicated that because e-mail was not working at the Daniel Law Offices during that time, he did not receive notice of the status conference. *Id.* Though Harris missed the Court-ordered deadline to show cause, the Court nevertheless accepted counsel's response and discharged the show cause order for both parties. (Doc. 46; Doc. 50).

On October 26, 2020, Travelers filed a motion to compel, in which it noted that Harris had provided neither responses nor objections to the discovery requests. (Doc. 47). Travelers requested that Harris be compelled to provide the responses within ten days and that Harris be required to pay reasonable costs associated with bringing the motion to compel, including attorneys' fees. *Id.* at p. 2. After a telephonic status conference where the parties discussed the discovery dispute, the Court granted Travelers's motion in part, giving Harris until December 11, 2020 to produce the requested discovery. (Doc. 54). The Court denied Travelers's motion for attorneys' fees, but noted that if Harris failed to

comply with the Court order compelling discovery, it may sanction Harris with attorneys' fees or the dismissal of his counter-claim. *Id.* The status conference occurred approximately three months after Travelers first served Harris with discovery requests. However, Harris did not state that he had complied with some of Travelers's production requests nor did he object to any of the requests for production or interrogatories. Harris also did not indicate that the requested materials were in the sole possession of a third party, though he arguably would have known that fact at the time of the discovery dispute.

Harris did not provide Travelers with discovery responses by the December 11, 2020 deadline. Accordingly, on December 17, 2020, Travelers filed a motion to dismiss and for sanctions, noting that Harris had still failed to provide any answers that were responsive to the initial interrogatories and requests for production. (Doc. 56). As Harris failed to respond to this motion in a timely manner, the Court directed Harris to show cause, in writing, by March 2, 2021. (Doc. 58). Harris did not respond until nearly a month after the deadline, on April 1, 2021. (Doc. 61). In his response to the show cause order, Harris again explained that e-mail was not working at the Daniel Law Offices. *Id.* Though Harris did not receive notice of the motion to dismiss and for sanctions via e-mail, counsel did receive it via regular mail from Travelers on March 30, 2021. *Id.* Harris therefore requested that an order regarding this pleading be filed *nunc pro tunc* to December 11, 2020. *Id.*

Harris also responded to Travelers's motion to compel in his response to the show cause order. For the first time, Harris asserted that he provided Travelers with the

majority of its requested discovery, including a bank deposit slip, agreement to sell real estate, quit claim deed, two paid real estate transfer tax records, and a sworn affidavit. (Doc. 61, p. 3). Harris further argued that the remainder of Travelers's requested discovery was in the sole possession of non-party Stephen Carraway, and that Travelers was welcome to subpoena Mr. Carraway itself. *Id*. at p. 2. However, Harris did not provide objections to any of Travelers's interrogatories or specific requests for production. Travelers notes that it still has not received "a single response or objection to any one of its" interrogatories or requests for production. (Doc. 62, p. 3). Travelers's motion to dismiss and for sanctions (Doc. 58) is now before the Court, and for the reasons outlined below, the motion to dismiss and for sanctions is **GRANTED in part and DENIED in part.**

## LEGAL STANDARDS

When a party fails to obey an order to provide or permit discovery, the Court may issue sanctions, including: "(i) directing that the matters embraced in the order, or other designated facts, be taken as established for the purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey an order, except an order to submit to a physical or mental examination." FED. R. CIV. PROC. 37(b)(2)(A). Instead of or in addition to the above, the rule also empowers the Court to

order the disobedient party to pay the reasonable expenses, including attorneys' fees, caused by the failure, "unless the failure was substantially justified or other circumstances make the award of expenses unjust." FED. R. CIV. PROC. 37(b)(2)(C). These sanctions are appropriate when a party displays "willfulness, bad faith or fault." *Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997). Bad faith includes the "intentional or reckless disregard of a party's obligations to comply with a court order." *Marrocco v. General Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). In contrast, fault pertains to the "reasonableness of the conduct or lack thereof, which eventually culminates in the violation." *Langley*, 107 F.3d at 514.

When a court determines that sanctions are necessary, "the sanction selected must be one that a reasonable jurist, apprised of all of the circumstances, would have chosen as proportionate to the infraction." *Salgado v. General Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998). The purpose of imposing sanctions is to prevent abuse of the judicial process and to promote the efficient administration of justice. *See Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993). Sanctions further provide a general deterrent to those who might be tempted to engage in such conduct, both in the particular case, and in litigation in general. *See Roadway Express v. Piper*, 447 U.S. 752, 763-764 (1980). Accordingly, though dismissal is a severe sanction, it must be available to penalize those whose conduct warrants such a sanction. *See Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2015)(quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). However, this sanction is typically limited to circumstances in which the non-

compliant party had been sufficiently and previously warned that further intransigence would result in dismissal. *See Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997).

The Court may also sanction non-compliant attorneys pursuant to 28 U.S.C. § 1927. That statute provides: any "attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Vexatious conduct occurs where an attorney "has acted in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice[.]'" *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988) (internal quotations omitted). Thus, "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Riddle & Assocs. P.C., v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005)(citing *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)). Reckless indifference to the law can also constitute vexatious conduct under § 1927. *See Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987).

The Court also has the inherent power to impose sanctions to enforce its orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted). These inherent powers are governed by the control "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). This includes the power to discipline attorneys who appear before the Court. *See Chambers*, 501 U.S. at 44. Though each party to a lawsuit

typically bears its own attorneys' fees unless a statute, contract, or decisional authority provides otherwise, *see Alyeska Pipeline & Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *Gaffney v. Riverboat Servs. Of Ind., Inc.*, 451 F.3d 424, 466 (7th Cir. 2006), using its inherent powers, a federal court may also award attorneys' fees to a successful party where the party's opponent has acted in bad faith. *See Hall v. Cole*, 412 U.S. 1, 4-5 (1973).

The prerequisite to a sanction under the Court's inherent power is a finding of bad faith. *See Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998) (internal citations omitted). A court must exercise caution when invoking its inherent power, and it must comply with the requirements of due process when determining that bad faith exists and in assessing fees. *Chambers*, 501 U.S. at 50 (internal citations omitted). Nevertheless, the decision to award attorneys' fees pursuant to the Court's inherent powers as a sanction for bad-faith litigation is committed to the Court's discretion. *See In re Generes*, 69 F.3d 821, 826 (7th Cir. 1995) (internal citations omitted). If a party's bad-faith conduct could be sanctioned under the Rules, the court should rely on those rules, rather than on its inherent power; however, if, in the informed discretion of the court, "neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Chambers*, 501 U.S. at 50.

## ANALYSIS

Travelers requests that the Court dismiss Harris's counterclaim, strike Harris's pleadings and enter default judgment against him, and compel Harris to pay Travelers's attorneys' fees incurred in making the motion. (Doc. 62). In its October 26, 2020 motion to compel, Travelers noted that Harris failed to provide timely responses to either its first

set of interrogatories or its first requests for production. (Doc. 47, p. 1). The Court granted

this motion and ordered that Harris "*respond to and* produce the identified discovery" by

December 11, 2020. (Doc. 54). Though Travelers served these discovery requests on Harris

on August 27, 2020, and though the Court ordered Harris to comply on November 13,

2020, Harris has thus far failed to provide either responses or objections to the discovery

requests at issue. (Doc. 62, p. 1). Harris has also not timely informed the Court that

compliance with the Court order would be impossible.[1] Though Harris states that he has

produced "voluminous dozens" of his documents to Travelers, there is no indication that

these documents are responsive to Travelers's requests for production. *Id*. at p. 2. There

is likewise no indication that Harris has responded to Travelers's interrogatories. *Id.*

Harris argues that he has already produced numerous documents to Travelers and

that he cannot produce those documents still outstanding as they are in the possession of

non-party Stephen Carraway. (Doc. 61, p. 2). However, these arguments fail to address

or excuse Harris's failure to comply with this Court's order compelling discovery or to

participate in discovery. First, though Harris may have produced some documents, he

has neglected to provide any response to Travelers's interrogatories. That some

---

[1]        Without legal or factual support, Harris requests that the Court "enter its order for this pleading
to be filed *nunc pro tunc* [back] to December 11, 2020[,]" approximately six days *prior* to the date on which
Travelers filed its motion for sanctions. (Doc. 61, p. 1).  Harris's request is an "improper use of the *nunc pro
tunc* procedure[.]" *See Justice v. Town of Cicero, Ill.*, 682 F.3d 662, 664 (7th Cir. 2012) (internal citations
omitted). *Nunc pro tunc* orders "presuppose" a decree timely ordered but not timely entered through a
court's inadvertence. *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedeo Feliciano*, 140 S.Ct. 696,
700 (2020) (internal citations omitted). It does not contemplate correcting a party's untimely filing. "Put
plainly, the Court cannot make the record what it is not." *Id*. (internal quotations and quotation marks
omitted). Harris filed his response to Travelers's motion for sanctions approximately seventy-four days
past the deadline to do so. The Court cannot and will not make the record what it is not by filing this order
*nunc pro tunc* to a date prior to that on which Travelers filed its motion for sanctions.

documents remain in Mr. Carraway's possession also does not excuse this failure. In outlining the procedure for responding to interrogatories, the Federal Rules of Civil Procedure permit parties to take two actions: (i) answer the opposing party's interrogatories fully, or (ii) provide objections and state the specific grounds for those objections. *See* FED. R. CIV. PROC. 33(b)(3). If Harris had objected to any of Travelers's interrogatories, the grounds for such objections must be stated with specificity. *See* FED. R. CIV. PROC. 33(b)(4). Harris must then sign the response; if Harris had objected to any one of the interrogatories, Mr. Daniel would have been required to sign the response as well. *See* FED. R. CIV. PROC. 33(b)(5). Rule 33 does not permit a party to not respond to the interrogatories. As the Court ordered Harris to respond to Travelers's requested discovery (Doc. 54), Harris's failure to provide any response to Travelers's first set of interrogatories is a clear violation of the Court's order.

Equally, when served with requests for production, a party must "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons" for the objection in response to each item requested. FED. R. CIV. PROC. 34(b)(2)(B). "An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. PROC. 34(b)(2)(C). The responding party must also state whether any documents are being withheld pursuant to any objection. *Id.* The aforementioned requirement is designed to facilitate an informed discussion on any such objections. *See* FED. R. CIV. PROC. 34 advisory committee's note on 2015 amendment. Harris's assertion that he has complied with some of Travelers's requests for production does not excuse his failure to answer

the remainder of Travelers's requests. Similar to Rule 33, Rule 34 mandates that Harris may either provide the discovery requested by Travelers's requests for production or object to those requests; he may not choose to comply with some requests while remaining silent about others. If, as Harris claims, the documents at issue are not in his possession, the appropriate response was to object in a timely manner to Travelers's request to produce those documents or to indicate that he has no such documents in his possession. Instead, Harris's silence demonstrates reckless indifference to the Court's orders, constituting bad faith. *See Marrocco*, 966 F.2d at 224. *Cf. Nelson v. Schultz*, 878 F.3d 236, 238-239 (7th Cir. 2017)(finding that a party's repeated failure to comply with a court's discovery orders constitutes a pattern of failure to meet court-imposed deadlines, warranting striking that party's pleadings as a sanction). Accordingly, the Court now turns to the question of an appropriate sanction for Harris's actions.

Travelers requests that the Court dismiss Harris's counter-claim and strike his pleadings as a sanction for his failure to participate in discovery. (Doc. 56, p. 4). Though a court is not required to impose graduated sanctions, it should nevertheless consider whether lesser sanctions are appropriate prior to dismissing a case. *See Fuery v. City of Chicago*, 900 F.3d 450, 464 (7th Cir. 2018)(citing *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993)). *Cf. Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 192 (7th Cir. 2011)(finding that dismissal was appropriate where the district court first attempted to use less severe sanctions to no avail). Although Harris has failed to comply with the Court's order compelling discovery and consistently provided untimely responses to Travelers's motions, the Court has not yet imposed any sanctions to either Harris or Mr. Daniel. *See,*

*e.g.*, (Doc. 54)(noting that the Court would not require Harris to pay for Travelers's attorneys' fees at this time). Lesser sanctions than dismissing Harris's case and striking his pleadings may therefore be effective in this case to deter future dilatory behavior. Furthermore, as Mr. Daniel explained that he is primarily responsible for Harris's failure to respond to Travelers's motion for sanctions in a timely manner due to his office's faulty internet connection, such severe sanctions against Harris are inappropriate at this time. Travelers's motion for dismissal as a sanction is therefore denied.

Though dismissing Harris's counter-claim and striking his pleadings are not proportionate sanctions at this time, lesser sanctions are appropriate in this case. Requiring the payment of reasonable costs and expenses associated with bringing a party's failure to comply with a court order is considered the least severe of possible sanctions under Rule 37(b)(2). *See Momient v. Northwest Collectors, Inc.*, No. 15-2205, 666 Fed. Appx. 531, 536 (7th Cir. Nov. 10, 2016). *See also* FED. R. CIV. PROC. 37(b)(2)(C). Equally, if a court grants a party's motion to compel, it must also require the non-moving party to pay the movant's reasonable fees and expenses incurred in filing the motion, including attorneys' fees. *See* FED. R. CIV. PROC. 37(a)(5). Though Mr. Daniel took responsibility for Harris's failure to respond to Travelers's motion for sanctions, he did not take responsibility for Harris's failure to respond to Travelers's first set of interrogatories or requests for production. (Doc. 62, p. 1). Furthermore, Harris provided no explanation as to why an award of attorneys' fees would be unjust in his response to Travelers's motion for sanctions. *See id*. The Court therefore finds that Harris must pay the reasonable fees and expenses Travelers incurred by bringing its motion for sanctions. (Doc. 59).

In addition to requiring Harris pay the reasonable fees and expenses associated with Travelers's motion for sanctions, the Court also finds that it is necessary to sanction Harris using its inherent powers. Federal courts have the inherent authority to fashion appropriate sanctions for conduct which abuses the judicial process. *See Abner v. Scott Mem'l Hosp.*, 634 F.3d 962, 964 (7th Cir. 2011). Travelers notes that Harris's discovery responses are vital to its ability to prepare in the taking of his deposition. (Doc. 56, p. 3). Travelers, however, has already suffered actual prejudice through its inability to obtain discovery from third parties and to take Harris's deposition. For example, Harris asserts in his response to Travelers's motion for sanctions that the requested documents are "in the sole possession of" Mr. Caraway (Doc. 62,p. 2). However, in his response to Travelers's motion for summary judgment, Harris also implies that such documents do not exist, stating that any "paid receipt" is not required for a "handshake cash transaction" between two people who trusted each other. (Doc. 64, p. 4); *see also* (Doc. 70, p. 3). Had Harris properly responded to Travelers's requests for discovery, Travelers could have subpoenaed Mr. Carraway in order to determine the accuracy of these claims prior to deposing Harris. But, in his response to Travelers's motion for summary judgment, Harris now relies on the fact that Travelers has not yet deposed him. (Doc. 64, p. 3; Doc. 70, p. 4).[2] The Court therefore finds that requiring the payment of attorneys'

---

[2]     In its motion to compel, Travelers also points to e-mails between its counsel and Mr. Daniel, in which Travelers's counsel points out that Mr. Daniel has not responded to attempts to schedule Harris's deposition in October 2020. (Doc. 56, Exh. 1). Harris's and Mr. Daniel's failure to respond to Travelers's attempts to depose Harris, and the later reliance on Travelers's inability to depose Harris in order to avoid summary judgment, raise an inference of intentionality regarding Harris's failure to comply with the Court's discovery orders permitting Travelers to prepare for the deposition at issue.

fees, as mandated by the Federal Rules, is insufficient to remedy the prejudice to Travelers from Harris's failure to comply with the Court's order compelling discovery, and the exercise of its inherent powers is thus appropriate in this case.

Harris's non-compliance has resulted in prejudice to Travelers through its inability to depose Harris. The Court therefore finds that an appropriate sanction for Harris's conduct includes requiring him to pay for the cost of his own deposition. This will account for the total cost of the deposition, including deposition transcripts, copies, and deliveries of the transcripts. *See E.E.OC. v. Sears, Roebuck and Co.*, 114 F.R.D. 615, 622 (N.D. Ill. 1987), overruled on other grounds by *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Travelers may schedule this deposition at its own convenience, no less than seventy-five days after the issuance of this order,[3] unless the parties agree to a mutually convenient time before or after that date.

Furthermore, the failure to comply with a court order compelling discovery could result in the establishment of a presumption against the non-complying party that the failure to produce is an admission of a lack of merit in the party's associated claim. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982) (internal citations omitted). Rule 37(b)(2)(i) embraces this rationale in explicitly allowing a court to direct that matters embraced in the violated order be taken as established for the purposes of the litigation. *See also Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996)(finding that an untimely response to requests for admissions deemed the requests

---

[3]     Mr. Daniel's has recently informed the Court that he is undergoing surgery in June. All deadlines in this order are established in consideration of Mr. Daniel's necessary recovery time. Though these deadlines are firm, Mr. Daniel may timely move for an extension of time should one be necessary.

admitted). This sanction is equivalent to the invocation of a legal presumption in favor of the moving party or to finding a constructive waiver on the part of the non-complying party. *See Insurance Corp. of Ireland, Ltd.*, 456 U.S. at 706. However, the Court is mindful that taking certain facts as established "may so hobble the sanctioned party that the result of the case is foreordained." *Ramirez v. T&H Lemon, Incorporated*, 845 F.3d 772, 779 (7th Cir. 2016). This consequence is functionally equivalent to granting Travelers's motion to strike Harris's pleadings or to dismiss his case. *See id*. At this time, the Court is not willing to take such a step.

However, the Court will consider whether certain facts or presumptions may be made that may make Harris's case harder, but would not serve to hobble him completely. But, the Court does not currently have the information available in order to make such a determination. The Court therefore **<u>DIRECTS</u>** Travelers to file a copy of its first set of interrogatories and requests for production with the Court within seven days, so that the Court can ascertain whether any facts may be deemed admitted or any presumptions may be made. Alternatively, the Court may issue further orders granting Travelers's motion to compel and requiring that Harris ***<u>timely</u>*** respond to the interrogatories and requests for production.[4]

---

[4]      If the Court permits Harris to respond to Travelers's outstanding interrogatories, Harris may no longer provide objections. The failure to object to interrogatories and state the grounds for so doing with specificity renders the right to raise those objections waived unless the Court excuses the untimeliness for good cause. *See* FED. R. CIV. PROC. 33(b)(4). As Mr. Daniel has now twice promised to check his e-mail and this Court's docket to ensure his timely compliance with Court orders, but failed to do so, the Court does not find good cause to excuse Harris's untimeliness. The Court will therefore not accept any objections to Travelers's first set of interrogatories.

Though the Court does not presently sanction Mr. Daniel under § 1927, it **WARNS** him that such sanctions may be appropriate should he contribute to further deficiencies in Harris's discovery responses. Conduct which constitutes reckless and indifferent behavior satisfies the objective standard for vexatious conduct and could trigger the Court's ability to sanction Mr. Daniel under § 1927. *See Grochocinski v. Mayer Brown Roe & Maw LLP*, 452 B.R. 676, 687 (N.D. Ill. 2011). Such conduct may include the repeated failure to answer discovery requests properly. *See Claiborne*, 414 F.3d at 721. Should Mr. Daniel further contribute to Harris's failure to comply with this Court's orders regarding discovery, the Court will consider the imposition of sanctions against him under §1927.

## CONCLUSION

For these reasons, the Court **GRANTS in part and DENIES in part** Travelers's motion to dismiss. (Doc. 56). The Court will not strike Harris's pleadings or dismiss his case. However, the Court will require Harris to pay the reasonable costs and expenses associated with his failure to comply with this Court's orders. Travelers is therefore **DIRECTED** to submit an accounting of its expenses incurred in pursuing its motion for sanctions (Doc. 56). Travelers is also **DIRECTED** to submit an accounting of its expenses incurred in pursuing its original motion to compel (Doc. 47). This accounting must be provided within **FOURTEEN DAYS,** up to and including **JUNE 25, 2021.**

Furthermore, Harris is required to pay the reasonable costs and expenses incurred in taking his deposition. Travelers is **DIRECTED** to schedule Harris's deposition at its convenience, for a date **no sooner than seventy-five days** after the issuance of this order, or at a time mutually agreed upon by the parties before or after that date. Within

**FOURTEEN DAYS** of Harris's deposition, Travelers is **DIRECTED** to submit an accounting of the associated costs and expenses to the Court.

Travelers is **DIRECTED** to submit its first set of interrogatories and first set of requests for production to the Court in **SEVEN DAYS**, up to and including **JUNE 18, 2021.** The Court will review the interrogatories and requests for production, and enter an order that may take as established certain relevant facts and/or compelling Harris to respond to the discovery requests thereafter.

In light of the above, the Court hereby **VACATES** the Final Pre-Trial Conference currently scheduled for June 29, 2021 and the Presumptive trial month of July 2021. (Doc. 33). The Court will set a status conference to set a new scheduling order, which will provide new dates for the completion of discovery, the filing of dispositive motions, and the setting of a new Final Pre-Trial Conference date and presumptive trial month.

**IT IS SO ORDERED.**

**Dated:  June 11, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.06.11
15:56:48 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**