UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVELERS INDEMNITY COMPNAY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 3:19-cv-00722-GCS ) |
| ROIMERO HARRIS, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Travelers Indemnity Company of America ("Travelers") brought suit against Defendant Roimero Harris on July 3, 2019. (Doc. 1). Travelers's complaint arises from Harris's insurance claim made under his landlord policy of insurance following losses from two fires. *Id*. On October 3, 2019, Travelers filed an amended complaint, in which Travelers requested that the Court void the insurance policy based on concealment, material misrepresentations, and fraud in Harris's presentment of his claim. (Doc. 21). Travelers also sought recoupment of insurance proceeds paid to Harris or, alternatively, a declaration that Travelers had no additional obligations to Harris under the insurance policy. *Id.*

On November 18, 2021, the Court entered sanctions against Harris for his failure to timely participate in discovery. (Doc. 82). In response, on December 15, 2021, Harris's attorney filed a notice indicating that there had been a break-down in the attorney-client relationship. (Doc. 86). Accordingly, the Court held a hearing on what it interpreted as a motion to withdraw as attorney on February 7, 2022. (Doc. 92).

During the hearing, Harris and his attorney indicated that they had repaired the attorney-client relationship. Harris also offered to Travelers that, in lieu of paying sanctions, Harris would drop his counter-claim against Travelers and would not respond to a motion for summary judgment requesting declaratory relief in favor of Travelers in this case. The Court therefore ordered Travelers to file a motion for summary judgment and indicated to Harris that if he failed to respond to the motion, the motion would be granted. *See* (Doc. 98). Travelers filed its motion on March 22, 2022, (Doc. 95), and it is now before this Court. As Harris failed to timely respond to the motion, it is **GRANTED** and Harris's counter-claim is **DISMISSED.**

District courts "have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S.Ct. 1885, 1892 (2016). Under this authority, district courts have an obligation to secure the just, speedy, and inexpensive resolution of the actions and proceedings before it. *See* FED. R. CIV. PROC. 1. "District court judges, because of the very nature of the duties and responsibilities accompanying their position, possess great authority to manage their caseload." *Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008). This

Court has 115 cases before it. The expedient resolution of both this case and the numerous other cases on this Court's docket require that the Court enforce its deadlines and the stated consequences for failing to meet those deadlines.

The Court considers Harris's failure to respond as an admission of the merits of the motion filed by Travelers. *See* SDIL Local Rule 7.1(c)(1); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). *See also Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995)(noting that a failure to respond constitutes an admission that there are no undisputed material facts). Specifically, the insurance policy Travelers issued to Harris to cover losses to a dwelling Harris rented to a tenant is void, as Harris materially misrepresented when he purchased a replacement property and the amount he spent to purchase that property. (Doc. 98, p. 11-12). *Cf. Passero v. Allstate Ins. Co.*, 554 N.E.2d 384, 389 (Ill. Ct. App. 1990)(finding that a misrepresentation is material when it is "calculated to discourage, mislead, or deflect" an insurer's investigation into a relevant area). Furthermore, Travelers has fulfilled its obligations to Harris because Harris failed to meet the conditions precedent for recovery under his insurance policy with Travelers. (Doc. 98, p. 13). As Harris failed to comply with Travelers's request for documentation outlining the amount Harris actually spent to repair or replace the dwelling at issue, a condition precedent for recovery under his policy, Travelers has no further obligations to Harris. *Id.* at p. 14.

For the foregoing reasons, the Motion for Summary Judgment and Travelers's request for declaratory relief is **GRANTED**. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Travelers, to dismiss Harris's counter-claim, and to close the case.

IT IS SO ORDERED.

DATED: May 5, 2022.

Digitally signed by Judge Sison 2
Date: 2022.05.05 14:57:19 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**